**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **10-07743-hb**

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**06/08/2011**



US Bankruptcy Judge
District of South Carolina

Entered: 06/09/2011

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-07743-HB |
| | Chapter 13 |
| DeSandra Mosley Anderson, | **ORDER** |
| Debtor(s). | |

**THIS MATTER** came before the Court for confirmation of the Debtor's Chapter 13 Plan (Doc. Nos. 14 & 22) and the Response (Doc. No. 25) of the Chapter 13 Trustee. A hearing was held on June 2, 2011.

DeSandra Mosley Anderson ("Debtor") filed a petition for voluntary relief under Chapter 13 on October 29, 2010. She disclosed her address as 44 Cunningham Circle, Waterloo, South Carolina. On November 10, 2010, Debtor filed bankruptcy schedules. (Doc. No. 7). Schedule A indicates that she owns the property located at that address, which she valued at $59,000, and under the heading "Amount of Secured Claim" she listed "None." On Schedule B, she disclosed a possible lawsuit against Elite Financial Services, Inc. ("Elite"). Debtor claimed an exemption in her house on Schedule C. Elite was listed as a creditor on Schedule D in the amount of $32,505.50, indicating that this creditor held a lien on a 1994 Honda Accord. On the same date, Debtor filed a Plan including the following language (form plan terms in bold)[1]:

*Additions to this plan are for the following reasons:*

1. *Debtor has rescinded the alleged mortgage with Elite Financial Services, Inc., pursuant to the Federal Truth in Lending Act (hereinafter TILA) as shown in the attached Exhibit A.*

---

[1] Debtor filed amended plans on January 13, 2011 (Doc. No. 14) and April 15, 2011 (Doc. No. 22), but these amended plans do not appear to alter the treatment of Elite.

1

> 2. Due to the foregoing, Debtor is informed, believes and alleges that Elite Financial Services, Inc. is unsecured in the real property held by Debtor.
>
> 3. Debtor intends to enforce her TILA rights in a future adversary proceeding (in addition to seeking ancillary relief) through objection to the creditor's proof of claim, if necessary.

(Doc. No. 8 at 1). Debtor proposed the following treatment for Elite:

> C. Valuation of Security: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:
>
> | Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
> |---|---|---|---|---|---|
> | Elite Financial Services, Inc. – 1994 Honda Accord | $1,775.00 | None | $32,505.50 | 1,775.00 | $30,730.50 |
>
> . . . .
>
> 4. Secured portion of claims altered by valuation and lien avoidance: The trustee shall pay **Elite Financial Services** the sum of **$37.00** or more per month, along with **5.25%** interest until the secured claim of **$1,775.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim. *1994 Honda Accord*

*Id.* at 2, 4. Furthermore, Debtor proposed the following additions to the form Plan:

> *In addition to the foregoing, Debtor's proposed treatment of the claim of Elite Financial Services, Inc. is in lieu of offering "Tender" pursuant to the TILA, if, considering the facts of this case, tender is required. Debtor notes that said creditor does not hold a recorded mortgage of record, but merely notes in a financing statement that a lien on real estate was obtained. See "Exhibit B" which is attached hereto and incorporated herein by reference.*

*Id.* at 5.

The "Exhibit A" attached to the Plan is a letter from Debtor's counsel to Elite dated November 10, 2010, advising Elite that the Debtor is exercising her right to rescind a transaction with Elite labeled as "Account Number 70525" pursuant to The Federal Truth in Lending Act (TILA). 15 U.S.C. § 1635 (2011); 12 C.F.R. § 226.23 (2011). The reasons for the alleged rescission were stated therein. The letter states that Debtor is

2

ready, willing and able to tender the amounts received by her after an accounting; however, she is unable to calculate the exact amount at this time. The letter also attaches, as "Exhibit B," a Promissory Note and Security Agreement dated December 1, 2008, listing the Honda Accord and real estate as collateral. In addition, the letter lists various alleged deficiencies in the documentation and loan process. Elite did not file any direct objection or response to the Plan or Amendments.

Also on November 10, 2010, Elite filed Proof of Claim 4-1 in this case in the amount of $22,892.44, stating that the claim is secured by real estate and a motor vehicle. The Proof of Claim attached a Real Estate Mortgage with recording notations, a Vehicle Title noting Elite as first lien holder, and a Promissory Note and Security Agreement.

On March 2, 2011, Elite filed a Motion for Relief from Stay (Doc. No. 15) seeking permission to enforce its rights under a Note and Security Agreement, attaching a copy of relevant documents. Debtor filed an Objection (Doc. No. 16) on March 16, 2011, and the parties asked the Court to continue the hearing on the Motion to discuss and investigate the matter further.

On April 8, 2011, Debtor filed Adv. Pro. No. 11-80042-HB, naming Elite as the Defendant. The adversary complaint includes a challenge to Elite's proof of claim (challenging the filing of the claim as secured), alleges a violation of the automatic stay (as a result of filing an alleged improper proof of claim), fraud on the court and relief pursuant to 11 U.S.C. § 105[2] requests a rescission and damages under the Home Ownership and Equity Protection Act of 1994 (HOEPA), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2603(a), TILA, 15 U.S.C. § 1635; 12 C.F.R. § 226.23, and the South Carolina Unfair Trade Practices Act (SCUTPA),

---

[2] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

3

S.C. Code Ann. § 39-5-10 (2011), *et seq.*. The adversary complaint also asks the Court to declare the mortgage unenforceable because Elite engaged in the unauthorized practice of law and the unauthorized practice as a mortgage broker, and alleges violations of, and claims relief under, various other statutes. Elite filed an Answer on May 5, 2011, contesting the allegations and the matter is ready for discovery to proceed. As a result of the pending matters between the parties that were not yet ripe for consideration, the hearing on the Motion for Relief from stay was again continued to August 11, 2011, in order for adversary to progress.

Meanwhile, on May 10, 2011, the Chapter 13 Trustee called to the Court's attention the non-conforming language set forth in Debtor's Plan referenced above, which relates to Elite and the adversary proceeding, prompting the hearing on this matter. (Doc. No. 25). Although Elite did not object to the language added by Debtor to the form plan, this Court has an independent duty to ensure that a plan complies with the requirements of the Bankruptcy Code. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. __, 130 S.Ct. 1367 (2010); *see also In re Madera*, 445 B.R. 509, 514 (Bankr. D.S.C. 2011) (stating that "even if all creditors could be found to have accepted the plan, the Court has an independent duty to examine Debtors' Plan to ensure compliance with the Bankruptcy Code"); *In re Martin*, 444 B.R. 538 (Bankr. M.D.N.C. 2011) (rejecting the debtors' argument that *Espinosa* "places the burden on creditors to object if treatment of their claims does not comply with the Code . . . [and] that, under *Espinosa*, bankruptcy courts are required to perceive a creditor's inaction as an implicit acceptance of the plan." The court found that *Espinosa* ultimately holds that, "[b]ankruptcy courts cannot confirm plans that do not comply with the Code simply because a creditor fails to come

4

forward."); *In re Russell*, No. 10-11720-SSM, 2010 WL 2671496, slip op. at *4 (Bankr. E.D. Va. June 30, 2010) (finding that "a bankruptcy court has an independent duty to ensure that a chapter 13 plan meets the statutory requirements for confirmation" (citing *Espinosa*, 559 U.S. at __, 130 S.Ct. at 1381 n.14; *United States v. Easley*, 216 B.R. 543, 544 n.1 (W.D. Va. 1997); *In re Bowles*, 48 B.R. 502, 505 (Bankr. E.D. Va. 1985))).

Although Elite has not objected to the Plan language, the Court cannot confirm the Plan with the additional language contained therein.[3] The added Plan language quoted above and the attachments to the Plan state that the Debtor will challenge Elite's secured claim and intends to enforce her TILA rights in an adversary proceeding. The plan further states that:

> ***Debtor's proposed treatment of the claim of Elite Financial Services, Inc. is in lieu of offering "Tender" pursuant to the TILA, if, considering the facts of this case, tender is required. Debtor notes that said creditor does not hold a recorded mortgage of record . . .***

(Doc. No. 8 at 5). The Court does not yet have before it evidence from which it can conclude that the last statement is correct—as Proof of Claim 4-1 filed with the Court attaches a mortgage with recording information. In addition, this is an issue that is included in and will be determined by the adversary proceeding. Furthermore, Debtor offers "tender" through the Plan in some unknown amount also yet to be determined. Therefore, the Court cannot, at this time, find that Debtor is capable of making any tender that may be required by future orders since the Debtor's obligations are not yet defined.

---

[3] The Court also questions the propriety of including attachments, in this case copies of correspondence and proposed evidence, to a form plan, but need not reach this issue at this time.

The Court, therefore, cannot find that the Plan, with this added language, complies with §§ 1325(a)(1), (3), (5) and/or (6).[4]

IT IS THEREFORE, ORDERED:

That confirmation of the Debtor's plan is **DENIED**.

---

[4] The Court notes that it has confirmed plans that, with the consent of the affected creditor and trustee, include provisions that state that the plan will be modified in the future to conform to the outcome of any litigation or controversy that cannot be resolved promptly, if confirming the plan prior to resolution of that litigation or controversy would benefit the debtor, estate and other creditors. Such provisions often include a reservation of the rights for all parties relating to any matter in controversy.